224:31 LRA 90

THOMAS DUFFY RYAN *et al.*

*v.*

OWEN EGAN *et al.*

*Filed at Springfield May 13, 1895.*

ALIENS—*rights of, to take lands by devise in Illinois.* Under the stat-
ute of this State (Laws of 1887, p. 5,) non-resident alien devisees
cannot take lands in Illinois under the will of a naturalized citizen.

APPEAL from the Circuit Court of Sangamon county;
the Hon. ROBERT B. SHIRLEY, Judge, presiding.

This was a bill in the circuit court of Sangamon county,
brought by Owen Egan and James Duffy, naturalized citi-
zens of the United States and residents of the State of
Illinois, representing that John Egan, late of the county
of Sangamon, was the uncle of complainants, and in his
lifetime was a citizen of the United States and a resident
of the State of Illinois, and seized in fee simple of the
following described lands in Sangamon county, Illinois,
to-wit: The north-east quarter of section 14 and the
east half of the north-west quarter of section 23, all in
township 13, north, range 5, west of the third principal
meridian, containing two hundred and forty acres, more
or less; that said John Egan departed this life, testate,
about the second of September, 1889, leaving no widow,
children or descendants thereof; that complainants were
his only heirs-at-law capable of inheriting said real estate
under and by virtue of the laws of the State of Illinois,
and that complainants are the nephews of the said John
Egan, setting forth the heirship; that John Egan, in his
lifetime, made and published his last will and testament,
by which he bequeathed to his nephew John Egan, of
Townsland, Creggan, King's county, Ireland, all his real
and personal estate, on condition that said Egan pay the
sister of the deceased, Elizabeth Scott, the sum of $50 per
annum, which was made a charge upon the land; that

John Egan, the devisee, and said Elizabeth Scott, were both subjects of the kingdom of Great Britain, and non-resident aliens of the United States at the time of the death of John Egan, and that said devisee, John Egan, was not capable of acquiring title to or taking or holding lands or real estate, by said devise or otherwise; that said will was null and void, and that said real estate, by the laws of descent, became vested in complainants, as heirs-at-law. It is also alleged that the will was admitted to probate on the 16th day of September, 1889; that the devisee, John Egan, was a nephew, naming a number of other nephews and nieces, but that they all are non-resident aliens and incapable of inheriting said lands; praying that the last will and testament of the said John Egan be set aside as a cloud upon the title of the complainants, and that complainants be decreed to be the owners in fee simple of the premises, and that a division be made between them of the same. A supplemental bill was filed, in which it was alleged that after the commencement of the suit Thomas Duffy Ryan filed in the recorder's office an instrument in writing executed by John Egan, the devisee, under which he claimed some interest in the premises.

John Egan put in his separate answer to the bill, in which he set up that John Egan, who was the uncle of this defendant, was not a citizen of the United States, though residing herein ; admits that said John Egan is now deceased, and at the time of his death was the owner in fee simple of said lands, and made a will bequeathing the same to this defendant; denies that this defendant was a subject of the kingdom of Great Britain and a non-resident alien of the United States at the time of the death of said John Egan, and denies that he was incapable of acquiring and holding title to the lands as devisee. He also sets up that after the commencement of the suit he sold and conveyed the premises to Thomas Duffy Ryan. Elizabeth Scott and Thomas Duffy Ryan also

put in separate answers, in which they adopted the answer of John Egan. Replication having been filed to the answers, a hearing was had on the pleadings and evidence, and a decree rendered in favor of complainants.

CONNOLLY & MATHER, and PALMER, SHUTT, DRENNAN & LESTER, for appellants.

PATTON, HAMILTON & PATTON, for appellees.

Mr. JUSTICE CRAIG delivered the opinion of the court:

Section 1 of the act of 1887 (Laws of 1887, p. 5,) provides: "That a non-resident alien  *  *  *  shall not be capable of acquiring title to or taking or holding any lands or real estate in this State, by descent, devise, purchase or otherwise, except that the heirs of aliens who have heretofore acquired lands in this State  *  *  * may take such lands by devise or descent, and hold the same for the space of three years, and no longer, if such alien, at the time of so acquiring such lands, is of the age of twenty-one years, and if not twenty-one years of age, then for the term of five years from the time of so acquiring such lands; and if, at the end of the time herein limited, such lands so acquired by such alien heirs have not been sold to *bona fide* purchasers for value, or such alien heirs have not become actual residents of this State, the same shall revert and escheat to the State of Illinois, the same as the lands of other aliens under the provisions of this act."

The validity and construction of this statute were before us in *Wunderle* v. *Wunderle*, 144 Ill. 40. Its validity was sustained, and it was held that where a citizen of the United States dies in this State seized of lands, a non-resident alien, under the statute, could not take by descent or devise. Under the statute, as it reads, and the decision in the case *supra*, it is plain that if John Egan, the testator, was, at the time of his death, a citizen of the United States, and the devisees, John Egan

and Elizabeth Scott, were non-resident aliens, the devisees could not take under the will. Our inquiry, then, will be confined to these two questions.

It appears, from the evidence, that John Egan (or Agen, as he was sometimes called,) was a native of Ireland. He left Ireland and emigrated to this country many years ago. As early as 1850 he resided in Morgan county. From that county he moved to Christian, and from there to Sangamon, where he purchased a farm of two hundred and forty acres, upon which he resided at the time of his death, in 1889. Much evidence was introduced to prove that he was a citizen of the United States, but we will content ourselves with referring to only a part of it.

Henry Davis testified: "Reside at Pawnee, Sangamon county, Illinois. Have lived in that vicinity all my life. Am well acquainted with the people of that township. Been judge of elections and supervisor. Have been a regular attendant upon the elections for the last twenty-five years. I know John Egan, or Agen, as he was called in that neighborhood. He died about September, 1889. I could not say what time he came to the country. He was a neighbor of mine, and I knew John Egan from the time he moved out there. Think he came there probably as long ago as '61 or '62. He lived in Christian county, and was reported to have gone from Morgan county there. He lived on his farm of about two hundred and forty acres, about three and one-half miles south-west of Pawnee, where he died. I know of his being a very regular attendant at elections, with ballots in his hands, and I have taken in his ballots myself as judge of the election and put them in the box. I do not remember that his vote was ever challenged."

Garred Young testified: "Have lived in Pawnee township for about forty-one years, and am well acquainted with the people. Been supervisor, commissioner of highways and school director. I knew John Egan, or Agen,

in his lifetime.   He lived in Christian county when I first became acquainted with him, about 1864, and he moved to Sangamon county about 1867 or 1868, on the farm owned by him, where he died.   I think he has voted in Pawnee township regularly at the elections for twenty-five years."

Much more evidence of a similar character was introduced, and in addition a certified copy of the record of the county court of Morgan county was put in evidence, showing that John Agen was duly naturalized in that court on the first day of November, 1873.   The record shows that Patrick Ryan was one of the witnesses produced before the court upon whose evidence the order was entered.   Ryan was called as a witness in this case and testified that he knew Egan, the testator, from 1858 until his death; that he visited him at his home, where he died, several times; that Egan came to him to go to Jacksonville with him to procure his naturalization papers; that he went as a witness, and was sworn.   He further testified: "This is the same John Egan, or Agen, that I knew in Sangamon county, and visited."

An effort was made on the trial to prove that another man named John Egan was the person naturalized, instead of the deceased, but we do not think the evidence sufficient to establish the fact.   Indeed, under all the evidence we do not see how the court could come to a different conclusion from the one reached.

As respects the residence of the devisee, there is no controversy on that question.   He was a native of Ireland, and never came to the United States until after the death of the testator.   This is established by the evidence of appellants, and is not disputed.

The decree of the circuit court will be affirmed.

*Decree affirmed.*